IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER ACKERMAN,

    Plaintiff,

v.                        No. 1:08-cv-00657 (HHK)

UNITED STATES,

    Defendant.

## **ANSWER**

The United States answers the complaint filed by Peter Ackerman as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claim that investment advisory fees may be claimed as a trade or business expense on Schedule C, and not as an itemized deduction on Schedule A, is being litigated in *Ackerman v. Commissioner of Revenue,* T.C. Nos.

3323172.1

13947-06 and 26400-06 and may be barred by estoppel, collateral estoppel, claim preclusion and/or issue preclusion.

## THIRD DEFENSE

Plaintiff's 1999 Form 1040 and 1999 Form 1040X were jointly filed with Joanne Leedom Ackerman but the complaint is filed solely in the name of Peter Ackerman. Plaintiff must establish that he, and not his spouse, paid the whole of their joint 1999 income tax liability in order to be allowed any portion of the claimed overpayment and/or refund. Plaintiff's claim for a refund is otherwise barred by 26 U.S.C. §6402(a).

## FOURTH DEFENSE

By filing this complaint separately from *Ackerman v. United States* (D.D.C. No. 1:08-cv-00279), and from *Ackerman v. United States* (D.D.C. No. 1:08-cv-00722), plaintiff is improperly splitting a cause of action.

## FIFTH DEFENSE

The United States responds to the numbered paragraphs of plaintiff's complaint as follows:

1. The United States is without sufficient information or knowledge to form a belief as to the truth of the matters asserted regarding plaintiff's location of residence. The United States admits the allegation of the second sentence of paragraph 1 of the complaint.

2. The United States admits federal subject matter jurisdiction under 28 U.S.C. §1346(a)(1), but denies the remainder of paragraph 2 of the complaint.

3323172.1

3. Denied.

4. Although the United States does not admit the validity of plaintiff's refund claim attached as Exhibit A to the complaint, the United States otherwise admits the allegations of paragraph 4 of the complaint.

5. Admitted.

6. Denied.

7. The United States realleges its third defense, stated above, and is otherwise without sufficient information or knowledge to form a belief as to the truth of the matters asserted in paragraph 7. The United States denies the final sentence of paragraph 7 to the extent that plaintiff and the United States are litigating whether investment advisory fees may be deducted as a trade or business expense on Schedule C in *Ackerman v. Commissioner of Internal Revenue,* T.C. Nos. 13947-06 and 26400-06.

8. Denied.

9. Denied.

The remainder of plaintiff's complaint is a prayer for relief as to which no response is required.

WHEREFORE, the United States respectfully requests that the Court:

A. Deny plaintiff's claim for a refund;

B. Dismiss the complaint with prejudice;

C. Grant judgment to the United States; and

D. Grant the United States any other relief that may be proper.

3323172.1

DATED: May 13, 2008

    /s/ Joseph E. Hunsader  
JOSEPH E. HUNSADER  
Trial Attorney, Tax Division  
U.S. Department of Justice  
Post Office Box 227  
Washington, DC 20044  
OF COUNSEL                 Telephone: (202) 514-0472  
JEFFREY A. TAYLOR       Facsimile: (202) 514-6866  
United States Attorney      Email: Joseph.E.Hunsader@usdoj.gov

3323172.1

<u>CERTIFICATE OF SERVICE</u>

I certify that on May 13, 2008, I caused to be served via the court's ECF system and by U.S. mail this ANSWER upon:

>James P. Joseph, Esq.
>Rebecca Gordon, Esq.
>Arnold & Porter
>555 Twelfth Street, N.W.
>Washington, D.C.  20004

/s/ Joseph E. Hunsader
Joseph E. Hunsader

3323172.1