IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PETER ACKERMAN,<br><br>     Plaintiff,<br><br>     v.<br><br>UNITED STATES,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 1:08-cv-00657 (HHK)<br>)<br>)<br>)<br>)<br>)<br>) |

**UNITED STATES' STATEMENT OF THE CASE
AND STATUTORY BASIS OF CAUSES OF ACTION AND DEFENSES**

The United States respectfully submits this statement of the case and statutory basis of causes of action and defenses for *Ackerman II* (No. 1:08-cv-00657).[1]

---

[1] Along with this statement, the United States is submitting a single combined statement covering all three of *Ackerman I* (No. 1:08-cv-0279); *Ackerman III* (No. 1:08-cv-0722); and *Ackerman IV* (No. 1:08-cv-01136), because those three complaints all relate to *Santa Monica Pictures LLC v. Commissioner of Internal Revenue*, T.C. Memo. 2005-104 ("*Santa Monica Pictures*").

3438130.1                                        1

I.  **Statutory basis of causes of action and defenses**

    A.  *Ackerman II* (No. 1:08-cv-00657) – "*1999 investment advisory fees*"

For tax year 1999, plaintiff brings an action for refund of $1.8 million of erroneously and illegally collected income tax under 28 U.S.C. §1346(a)(1).[2] Plaintiff alleges that he is entitled to this refund because he incurred $9.6 million of "investment advisory fees" that should be deductible as "trade or business expense" under 26 U.S.C. §162.

The United States' defenses include:

- The claimed deduction does not qualify as any "ordinary and necessary expense . . . in carrying on any trade or business" under section 162 of the Internal Revenue Code.  26 U.S.C. §162.

- Plaintiff and his wife filed a joint income tax return and jointly filed an administrative claim for refund for tax year 1999.  *Ackerman II* complaint, Ex. A.  Plaintiff must establish that he paid the tax liability at issue in order to claim the refund.  26 U.S.C. §6402(a).

II.  **Statement of the case**

On their original 1999 joint income tax return, plaintiff and his wife claimed the $9.6 million of "investment advisory fees" as a miscellaneous

---

[2] Plaintiff also pleads under 28 U.S.C. §1340 but that provision is "not a waiver of sovereign immunity and consent to be sued must be found in some other statute." Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction 2d* §3580, pp. 267-70.  By contrast, 28 U.S.C. §1346(a) when conjoined with the provisions of the Internal Revenue Code including those setting forth the requirements of exhaustion of administrative remedies (i.e., a properly and duly filed administrative refund claim) and satisfaction of the applicable statutes of limitation does constitute a waiver of sovereign immunity.  *See e.g.,* 26 U.S.C. §§6511, 6532, 7422.

expense on Schedule A of their return. On their refund claim, though, plaintiff and his wife changed their minds and recast the advisory fees as a "trade or business expense", which is a Schedule C item on Form 1040. This change matters because a legitimate Schedule C "trade or business expense" is not subject to the alternative minimum tax ("AMT") or the limitations imposed on itemized deductions, in this case reducing the tax owed by a claimed $1.8 million.

To be allowed as a section 162 trade or business expense, plaintiff must establish that: (1) he was engaged in a trade or business; (2) the claimed expense was paid; (3) the expense was an ordinary and necessary expense of the trade or business; and (4) the expense was not capital in nature. *Indopco v. Commissioner*, 503 U.S. 79, 85 (1992).

Plaintiff's refund claim at Schedule C lists "investments and banking" as plaintiff's business that incurred the $9.6 million of "investment advisory fees." *Ackerman II* complaint, Ex. A, pp. 9-10. However, according to plaintiff's Schedule C, that "trade or business" generated no income. *Id.*, Ex. A., p. 9.

Although the United States will require discovery to specifically define plaintiff's claimed "trade or business" that incurred the claimed fees in 1999, it appears that plaintiff claimed similar Schedule C trade or business expense deductions for the surrounding tax years (e.g., 1997, 1998, 2000). The United States disallowed those deductions for those other years, plaintiff filed petitions with the Tax Court, and the issue of whether similar investment advisory fees

qualify under section 162 has been litigated through trial and is now awaiting decision by the Tax Court for those other years.

Should the facts prove similar for 1999 as for the other tax years, plaintiff's activities should be considered that of an investor who purchases companies or makes investments seeking gain via dividends, interest, and/or capital gain. Such an investor is not considered to be engaged in a trade or business no matter how much time or resources the taxpayer expends on the activity.

In short, plaintiff and his wife got it right the first time when they deducted the "investment advisory fees", not as a trade or business expense on Schedule C, but as a miscellaneous expense on Schedule A of their original 1999 Form 1040.

DATED: July 22, 2008  Respectfully submitted,

 /s/ Joseph E. Hunsader
JOSEPH E. HUNSADER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 514-0472
Facsimile: (202) 514-6866
Email: Joseph.E.Hunsader@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

I certify that on July 22, 2008, I caused to be served via the court's ECF system

    UNITED STATES' STATEMENT OF THE CASE AND
    STATUTORY BASIS OF CAUSES OF ACTION AND DEFENSES

upon:

    James P. Joseph, Esq.
    Rebecca Gordon, Esq.
    Arnold & Porter
    555 Twelfth Street, N.W.
    Washington, D.C.  20004

                      /s/ Joseph E. Hunsader